# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

TYRICE CHONTEZ ADAMS                                             PLAINTIFF

v.                                    CIVIL ACTION NO. 3:13-CV-P1086-S

LOUISVILLE METRO CORRECTIONS DEPT. et al.           DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Tyrice Chontez Adams, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at Louisville Metro Department of Corrections (LMDC), names as Defendants LMDC and, in their individual and official capacities, the following LMDC employees: Edward Wasson; Lisa Upton; Nicholes Angeleini; Armon Walker; Darrell Goodlet; Ernest Kyle; Lisa Yocum; David Pucket; Steve Flener; and M. Fresch. Plaintiff states that he filed grievances about "half done food/vegetable and finding particles of left over food, hair and other objects in our trays." He alleges that he filed a grievance about another inmate "detoxing" and causing a health hazard and asked for free medical screening due to the harsh conditions he had to endure. He states that he did not receive that physical. Plaintiff further alleges that he was denied access to view legal material to prepare for trial. He asserts: "In violation of discriminating practices and policy to create in hindsight and pursecution a decision to boost custody level and inflict charges that inmate was not convicted of in order to insure unfair and

oppresive standards to deprive inmate of rightful placement of custody level." Finally, Plaintiff states: "In violation of my Eight Amendment right involving security risk's with recklessness in criminal law officer: Michael Frech deliberately put my life at risk by telling all the inmates in the dorm to assault me in an effort to maintain or restore discipline[.]"

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim regarding food*

The Eighth Amendment's Cruel and Unusual Punishments Clause places restraints on prison officials, directing that they "'take reasonable measures to guarantee the safety of the

2

inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. at 834; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03.

Courts have consistently held that isolated incidents of foreign bodies, even rodents and insects, surfacing in the food served to prisoners is not an Eighth Amendment violation. *Tucker v. Rose*, 955 F. Supp. 810, 815 (6th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1974)). "The fact that the [prison] food occasionally contains foreign objects . . ., while unpleasant, does not amount to a constitutional deprivation." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (internal quotation marks and citation omitted); *Smith v. Younger*, No. 985482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (affirming district court's dismissal of plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter); *Freeman v. Trudell*, 497 F. Supp. 481, 482 (E.D. Mich. 1980) ("An occasional incident of a

3

foreign object finding its way into the food, while regrettable, does not raise a question of constitutional proportion.").

Here, Plaintiff's allegations that prisoners found "half done food/vegetable and finding particles of left over food, hair and other objects in our trays" does not state a constitutional claim.

*Claim for medical screening*

Plaintiff states he filed a grievance about another inmate "detoxing" and causing an unspecified "health hazard" and asking for a free medical screening, which he did not receive.

The Sixth Circuit has repeatedly found Eighth Amendment claims for monetary relief precluded by 42 U.S.C. § 1997e(e) absent a showing of physical injury. *See Jennings v. Weberg*, No. 2:06-CV-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Here, Plaintiff has alleged no physical injury. Moreover, Plaintiff's claim is entirely conclusory. He does not explain what health hazard he was exposed to because of another inmate's "detoxing." Plaintiff has failed to state a claim.

*Claim for access to legal material*

Plaintiff alleges that he was denied access to view legal material to prepare for trial in violation of the Due Process Clause and the First Amendment. Plaintiff does not state a viable Due Process claim relating to access to legal material. Without injury from the alleged lack of legal material, Plaintiff does not have standing. *See Bradley v. Mason*, 833 F. Supp. 2d 763, 773

4

(N.D. Ohio 2011). "Furthermore, the lack of a law library does not per se deny the accused due process." As long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts. *United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004); *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990). To the extent that Plaintiff's allegations pertain to a criminal proceeding against him, he does not allege that he was proceeding without the benefit of counsel.

Plaintiff also has failed to state a claim under the First Amendment. In order to state a viable claim for interference with his access to the courts under the First Amendment, Plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In other words, a plaintiff must plead and demonstrate that lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Id.* (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Further, the Supreme Court has strictly limited the types of cases for which there may be an actual injury. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim.

5

*Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiff does not allege that he was bringing a direct appeal, a habeas corpus action, or a civil rights claims; nor does he allege that the underlying action asserted a non-frivolous claim. Finally, he does not allege any actual injury. Therefore, he fails to state a First Amendment claim.

***Claim relating to custody level***

Plaintiff alleges that he was deprived of his "rightful placement of custody level." The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a particular prison or security classification); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same). Consequently, Plaintiff has failed to state a claim relating to his custody level.

***Claim that inmates told to assault him***

Plaintiff alleges that Defendant Fresch "deliberately put [his] life at risk by telling all the inmates in the dorm to assault [him] in an effort to maintain or restore discipline[.]"

6

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and, as stated above, must also "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. at 526-27). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, Plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk. *Farmer*, 511 U.S. at 834; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). "Lack of due care for a prisoner's safety by prison officials is insufficient to support a claim of an Eighth Amendment violation." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). Additionally, to state a claim for deliberate indifference under the Eighth Amendment, there must be some resulting harm stemming from a guard's statements about a prisoner. *See Catanzaro v. Mich. Dep't of Corr.*, No. 08-11173, 2009 WL 4250027, at *11 (E.D. Mich. Nov. 19, 2009) ("an Eighth Amendment deliberate indifference claim must be grounded in an actual physical injury"); *Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where "[plaintiff's] claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm"); *Gibbs v. Ball*, No. 07-CV-15462-DT, 2009 WL 331604, at *4 (E.D. Mich. Feb. 11, 2009) (no Eighth Amendment violation where plaintiff was labeled a "rat," but did not show actual physical injury).

Here, Plaintiff has not alleged any physical injury relating to Defendant Fresch's alleged action. As such, Plaintiff fails to state a claim.

## III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:   March 19, 2014

**Charles R. Simpson III, Senior Judge
United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4411.009